UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| APRILLE WILBORN, <br><br> Plaintiff, <br><br> v. <br><br> SHARON HUTTON, et al., <br><br> Defendants. | Case No. 3:23-CV-00910-CCB-MGG |

**OPINION AND ORDER**

On October 16, 2023, Plaintiff Aprille Wilborn sued Defendants Sharon Hutton, the executive director of the Michigan City Housing Authority, and police officer Jackson Emery Laudeman.[1] [DE 1.] Wilborn alleges that Hutton and Laudeman erroneously accused Wilborn of writing fraudulent checks, that Laudeman allegedly made false statements in the probable cause affidavit which caused her to be detained, and Hutton caused Wilborn and her children to be evicted. [DE 1 at 2-3.] Wilborn thus sued Laudeman and Hutton under § 1983 for unlawful seizure and deprivation of due process in violation of the Fourth and Fourteenth Amendments, and malicious prosecution. Hutton filed a motion to dismiss on October 26, 2023 that is currently pending before the Court. [DE 10.]

The last day for Wilborn to amend her pleadings without leave of Court was June 14, 2024. [DE 20.] On June 15, 2024, Wilborn filed the instant Motion for Leave to Amend, stating counsel misread the deadline to amend without leave. [DE 26.] Wilborn seeks leave to amend her complaint under Fed. R. Civ. P. 15(a)(2) to add Defendants Michigan City and Michigan City Housing Authority. Wilborn also seeks leave to amend her complaint to add racial misconduct allegations

---

[1] The Court uses the spelling of Defendant Jackson Laudeman as used in Laudeman's response to Plaintiff's motion for leave to amend. [DE 28 at 1.]

under Count I, to add a § 1983 claim against Michigan City (Count V), and add an indemnification claim against Michigan City Housing Authority and the City of Michigan City (Count VI). [DE 26 at 2.] Hutton opposes the motion, arguing that amending the complaint would be futile. [DE 27.] Laudeman objects to Wilborn's motion to the extent the proposed amended complaint does not comply with pleading requirements under Fed. R. Civ. P. 10(b), arguing that the proposed amended complaint contains a redundant, unnumbered summary and does not have consecutively numbered paragraphs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given, but "[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). An amendment is futile when "the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (quoting *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir.1991)).

District courts use the 12(b)(6) standard to address the legal sufficiency of allegations in an amended complaint. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). To survive a motion to dismiss under Rule 12(b)(6), the allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court evaluating a motion to dismiss under Rule 12(b)(6) must view the allegations in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences for the non-moving party. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

**DISCUSSION**

    I.       Allegations as to Hutton

Hutton argues that allowing Wilborn to amend the complaint would be futile because the proposed amended complaint, like the original, fails to state a claim against Hutton. [DE 27.] Since the time to amend as a matter of course has passed, the Court must resolve the Motion to Amend by examining the sufficiency of the allegations in the proposed amended complaint. [DE 26-1] under Fed. R. Civ. P. 12(b)(6). The Court addresses Hutton's challenges to Count II, Count III, and Count VI of the proposed amended complaint in turn.

        A. Deprivation of property interest claim by not renewing lease against Wilborn and the Michigan City Housing Authority (Count II)

Under Count II of Wilborn's proposed amended complaint, she alleges that Hutton and the Michigan City Housing Authority deprived Wilborn of her property rights under the Fourteenth Amendment when they did not automatically renew her lease with the Michigan City Public Housing Authority. [DE 26-1 at 6-7.] This allegation was also in Wilborn's original complaint where she alleged Hutton "denied renewal of Plaintiff's lease." [DE 1 at 5.] Wilborn's proposed amended complaint removes an allegation from her original complaint in which she alleged that Hutton deprived her of due process when she caused Wilborn to be evicted. [*Id.*]

Hutton argues that the Court lacks jurisdiction to review Wilborn's claim under *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) because resolving whether Hutton and the Michigan City Housing Authority deprived Wilborn of her property rights under the Fourteenth Amendment would require the Court to impermissibly review the Indiana state court decision that ordered Wilborn evicted. [DE 27 at 3.] The Court agrees with Hutton.

3

The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. 280, 284-85 (2005). "To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the *actual injury* claimed by the plaintiff." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (emphasis in original) (citation omitted) (explaining that it is "of no consequence" that the complaint does not specifically challenge the state court order). A plaintiff "cannot avoid the *Rooker-Feldman* bar by alleging that [she] suffered this injury as a result of violations of [her] constitutional rights." *Id.*

Courts apply a two-step analysis to determine whether the *Rooker-Feldman* doctrine bars jurisdiction. *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). Since Wilborn's § 1983 claim against Hutton and the Michigan City Housing Authority for not renewing her lease is not a direct challenge to any state court order, the Court must first determine whether Wilborn's claim is "inextricably intertwined" with a state court judgment. *Swairtz v. Heartland Equine Rescue*, 940 F.3d 387, 390-91 (7th Cir. 2019). For a federal claim to be inextricably intertwined with a state court judgment, "[t]here must be no way for the injury complained of by a plaintiff to be separated from a state court judgment." *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016.)

Hutton argues that Wilborn's claim—that Hutton and the Michigan City Housing Authority deprived her of her property interest without due process when her lease was not automatically renewed—would require the Court to impermissibly review a LaPorte County, Indiana eviction lawsuit commenced by the Michigan City Housing Authority against Wilborn where the state court held that the Michigan City Housing Authority was entitled to possession of the premises on January

4

4, 2023, and ordered Wilborn to vacate the premises by January 11, 2023 at 5:00 p.m..[2] [DE 27-2.] Wilborn did not file a reply in support of her motion for leave to amend.

The Court agrees with Hutton that the district court cannot separate her alleged deprivation of property injury from the Indiana state court judgment ordering Michigan City Housing Authority to possess the property and Wilborn to vacate. For the Court to find that the Michigan City Housing Authority acted wrongfully in not renewing her lease, the Court would have to impermissibly call into question the state court's findings. *See Graham v. UMH in Holiday Vill., LLC*, 2021 U.S. Dist. LEXIS 180863, at *13 (N.D. Ind. Sept. 21, 2021) (granting motion to dismiss for lack of jurisdiction under *Rooker-Feldman* where claim of wrongful termination of lease under the Federal Housing Act would require the court to determine whether there was a lease violation and breach of contract, and whether the state court eviction order was proper).

Since the Court finds that Wilborn's federal claim against Hutton and the Michigan Housing Authority for failure to renew her lease is "inextricably intertwined" with a state court judgment, then the Court proceeds to step two in the *Rooker-Feldman* analysis and must determine "whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). "The reasonable opportunity inquiry focuses not on ripeness, but on difficulties caused by factors independent of the actions of the opposing parties that precluded a plaintiff from bringing federal claims in state court, such as state court rules or procedures." *Id.* (quotations and citations omitted). If the plaintiff had a reasonable opportunity to raise the issue in a state court proceeding, then the claim is barred under the *Rooker-Feldman* doctrine. *Id.*

---

[2] The Court may take judicial notice of public records. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008).

Both the Michigan City Housing Authority and Wilborn appeared in the eviction proceeding, and the LaPorte Superior Court heard evidence. [DE 27-2.] Wilborn did not appeal. Wilborn has not argued or shown that there were any barriers preventing her from raising the issue of a right to an automatic renewal of her lease in her eviction proceeding. Accordingly, the Court finds that Wilborn had a reasonable opportunity to raise the issue in state court; therefore, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine over Wilborn's § 1983 claim against Hutton and the Michigan City Housing Authority for deprivation of property interest by not automatically renewing Wilborn's lease. Thus, Wilborn's proposed amendment as to this claim under Count II is futile.

    B.   Malicious Prosecution Claim under § 1983 (Count III)

Hutton next challenges Count III of Wilborn's proposed amended complaint, which asserts a claim for malicious prosecution under § 1983 against Hutton and the Michigan City Housing Authority.[3] To state a claim for malicious prosecution under § 1983, a plaintiff must demonstrate (1) she has satisfied the elements for a state law cause of action for malicious prosecution, (2) the malicious prosecution was committed by state actors, and (3) she was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). To state a claim for malicious prosecution under Indiana law, the elements are: "(1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) (citing *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005)). "Malice may be shown by evidence of personal

---

[3] The Court construes Wilborn's malicious prosecution claim as also alleging liability against the Michigan City Housing Authority. While the title of Count III of the proposed amended complaint states that the claim is "against Defendant Michigan City Housing Authority as the indemnifier for Defendant Hutton," Wilborn alleges facts related to Michigan City Housing Authority's alleged direct involvement giving rise to a malicious prosecution claim.

6

animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances." *Id.* (citing *F.W. Woolworth Co. v. Anderson*, 471 N.E.2d 1249, 1254 (Ind. Ct. App. 1985)).

The Court finds that Wilborn has alleged sufficient facts to support each element of her § 1983 malicious prosecution under the Fourth Amendment claim against Hutton and Michigan City Housing Authority. Contrary to Hutton's assertion that a Fourth Amendment violation cannot satisfy the deprivation of liberty element of a § 1983 malicious prosecution claim [DE 27 at 8-9], a violation of a constitutional right to be free from unlawful seizures under the Fourth Amendment can form the basis of a § 1983 malicious prosecution suit. *See Thompson v. Clark*, 596 U.S. 36, 42 (2022) ("He brought a Fourth Amendment claim under § 1983 for malicious prosecution, sometimes referred to as a claim for unreasonable seizure pursuant to legal process. This Court's precedents recognize such a claim.") (collecting cases). In support of her malicious prosecution claim in her proposed amended complaint, Wilborn alleges that statements and allegations included in the probable cause affidavit made by the defendants were knowingly false, and that the defendants withheld exculpatory evidence, such as knowing that the signature on the alleged forged checks were distinguishable from Wilborn's, that defendants took steps to wrongfully further a baseless prosecution without probable cause, and the original criminal action was terminated in Wilborn's favor [DE 26-1 at 7-8.] Wilborn alleges that her being falsely accused caused an unlawful seizure in violation of the Fourth Amendment. [*Id.* at 8.]

Hutton argues that Wilborn's allegation that there was a lack of probable cause is insufficient because a judicial determination of probable cause in a criminal proceeding constitutes prima facie evidence of probable cause in a subsequent malicious prosecution suit, citing *Conwell v. Beatty*, 667 N.E.2d 768, 788 (Ind. Ct. App. 1996). [DE 27 at 8.] However, this evidence may be rebutted by evidence showing that a finding of probable cause was induced, as Wilborn alleges here, by false

7

testimony, fraud, or other improper means such as a defendant withholding material facts at a hearing. *See Glass v. Trump Indiana, Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004). Accordingly, the Court finds that Count III of Wilborn's proposed amended complaint is not futile.

    C.   Indemnification claim against Michigan City Housing Authority (Count VI)

Finally, Hutton challenges Count VI of Wilborn's proposed amended complaint, an indemnification claim against the Michigan City Housing Authority. [DE 26-1 at 10.] Hutton argues that Wilborn's proposed amendment to add an indemnification claim as Count VI is futile because a local government cannot be held liable under § 1983 on a *respondeat superior* theory, citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). But the Court does not construe Count VI as asserting a § 1983 claim against Michigan City Housing Authority on a *respondeat superior* theory. Rather, Wilborn's claim is for "state law purposes of indemnification," and she requests that Michigan City "assume financial responsibility for the actions or omissions committed by the Individual Defendants and make Plaintiff whole in all ways." [DE 26-1 at 10-11.] The indemnification statute under Indiana law states, in part:

> If a present or former public employee…is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment which violates the civil rights laws of the United States, the governmental entity (when the governmental entity defends or has the opportunity to defend the public employee) shall...pay…(1) any judgment (other than for punitive damages) of the claim or suit[.]

Ind. Code § 34-13-4-1.

To the extent Wilborn is alleging a claim for indemnification under Indiana's indemnification statute, the issue is that Wilborn's indemnification claim is not yet ripe. In *Sowell*, the plaintiff alleged that government employees were liable under 42 U.S.C. § 1983 and asserted an indemnification

8

claim under Ind. Code § 34-13-4-1 against the Lake County Jail. *Sowell v. Dominquez*, No. 2:09 CV 47, 2011 WL 294758, at *2 (N.D. Ind. Jan. 26, 2011). The Court dismissed the indemnification claim without prejudice because, as the Court reasoned, no one had been found liable in the case and no judgment had been entered, which are required elements for indemnification under Ind. Code § 34-13-14-1. *Id.* at *14. The Court explained that it only has subject matter over a case in which the controversy is ripe, and a claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Thus, any claim for indemnity resulting from the suit is not ripe until the employee's underlying liability has been established. *Id.* (citing *Doe v. City of Chi.*, 360 F.3d 667, 672 (7th Cir. 2004)). Since Hutton or Laudeman have not been found liable, the Court lacks subject matter jurisdiction over the indemnification claim (Count VI). *See Smith v. Lake County*, No. 2:15-CV-123, 2017 WL 568590, at *9 (N.D. Ind. Feb. 13, 2017); *see also Hobson v. Dominguez*, No. 210-CV-429-TLS, 2012 WL 4361537, at *16 (N.D. Ind. Sept. 24, 2012). The Court therefore denies without prejudice Wilborn's motion for leave to amend her complaint to add a state law indemnification claim against the Michigan City Housing Authority and Michigan City under Indiana's indemnification statute.

To the extent Wilborn's indemnification count intends to assert a claim against the Michigan City Housing Authority and Michigan City under a *respondeat superior* theory because, as Wilborn alleges, Laudeman and Hutton were acting in the scope of their employment, the Court agrees with Hutton that such a claim is futile. Wilborn only alleges federal claims under § 1983. As the Supreme Court held in *Monell*, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory solely because it employed a tortfeasor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Wilborn's citation to *Cox v. Evansville Police Dept.*, 107 N.E. 3d 453 (Ind. 2018) is misplaced because *Cox* concerned whether to impose vicarious liability when an employee allegedly commits violations of state law, and Wilborn is not asserting any state-law claims against any of the

9

defendants. *See Harrison v. City of Fort Wayne*, No. 1:17-CV-00419-SLC, 2020 WL 1536150, at *17 (N.D. Ind. Mar. 31, 2020). Accordingly, Wilborn's motion for leave to amend her complaint to add Count VI and assert a claim against Michigan City Housing Authority and Michigan City for liability under *respondeat superior* is futile and must be denied.

II. Proposed amended complaint's compliance with Rule 10(b)

Defendant Laudeman does not object to Wilborn seeking leave to file an amended complaint. [DE 28.] Rather, Laudeman objects to Wilborn's proposed amended complaint for having some unnumbered paragraphs and repeat paragraph numbers in violation of Fed. R. Civ. P. 10(b). The Court agrees with Laudeman that the remaining allegations in the proposed amended complaint do not comply with Rule 10(b). Thus, the amended complaint to be filed by Wilborn must comply with the requirements set out in Fed. R. Civ. P. 10(b). Laudeman also objects to the section of Wilborn's proposed amended complaint, titled "Synopsis of Case" arguing that it contains redundant allegations. While that section does contain some redundant allegations, Wilborn does allege additional facts that are not alleged elsewhere in her proposed amended complaint. Therefore, Wilborn's amended complaint may proceed with containing those allegations, but the paragraphs in that section must be numbered.

## CONCLUSION

1. Accordingly, Plaintiff Wilborn's Motion for Leave to file the Attached Amended Complaint [DE 26] is **GRANTED IN PART** and **DENIED IN PART**:

    a. Wilborn's motion for leave to amend her complaint to include Count II against Defendants Hutton and the Michigan City Housing Authority for deprivation of Wilborn's Fourteenth Amendment property rights is **DENIED**.

    b. Wilborn's motion for leave to amend her complaint to include Count VI against Michigan City Housing Authority and Michigan City is **DENIED.**

10

    c. The Court **GRANTS** Wilborn's motion for leave to file her proposed amended complaint containing the remaining allegations. But the remaining allegations in the proposed amended complaint do not comply with Fed. R. Civ. P. 10(b). Accordingly, Wilborn is hereby **ORDERED** to file an amended complaint containing the remaining allegations within 30 days of this order that complies with Fed. R. Civ. P. 10(b).

2. Hutton's Motion to Dismiss [DE 10] is **DENIED** as moot.

SO ORDERED.

August 23, 2024

                                                    */s/Cristal C. Brisco*
                                                    CRISTAL C. BRISCO, JUDGE
                                                    UNITED STATES DISTRICT COURT